UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

STEPHANIE JIMENEZ, MARK JULIEN, and
MALCOLM JOHNSON,

                                              Plaintiffs,

                -against-

CITY OF NEW YORK, MICHAEL FRIEDMAN, Individually,
ANTHONY REYES, Individually, MICHAEL RIVERA,
Individually, PAUL FAZIO, Individually and JOHN and JANE
DOE 1 through 10,  Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                           Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

14 CV 0384
(JG) (LB)

<u>Jury Trial Demanded</u>

      Plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, by

their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as

follows:

<strong><u>Preliminary Statement</u></strong>

    1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the United States.   Plaintiff

MALCOLM JOHNSON also asserts supplemental state common law and constitutional claims.

<strong><u>JURISDICTION</u></strong>

    2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and

Fourteenth Amendments to the United States Constitution.   Plaintiff MALCOLM JOHNSON

asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff STEPHANIE JIMENEZ is a twenty-nine year old Hispanic American woman who resides in the Bronx, New York.

7.     Plaintiff MARK JULIEN is a twenty-seven year old African American male who resides in Staten Island, New York.

8.     Plaintiff MALCOLM JOHNSON is a nineteen year old African American male who resides in Staten Island, New York

9.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

2

11.     That at all times hereinafter mentioned, the individually named defendants, MICHAEL FRIEDMAN, ANTHONY REYES, MICHAEL RIVERA, PAUL FAZIO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14.     On January 20, 2011, at approximately 10:30 p.m., the defendant NYPD officers unlawfully entered 180 Park Hill Avenue, Apt. 6W, Staten Island, New York, by breaking the front door of said location and entering said location with their guns drawn.

15.     The defendant officers pointed their guns at plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON

16.     Defendant PAUL FAZIO unlawfully struck plaintiff MALCOLM JOHNSON with a tactical shield, causing plaintiff JOHNSON to fall to the ground.  Defendant NYPD officers including, but not limited to, FAZIO then handcuffed plaintiff JOHNSON, grabbed him and detained him for an unreasonable period of time, or stood by while this occurred in their presence.

3

17.   The defendant officers grabbed plaintiff MARK JULIEN, slammed him to the ground, and placed severely over tight handcuffs on his wrists.

18.   The defendant officers handcuffed plaintiff STEPHANIE JIMENEZ.

19.   The defendant officers arrested the plaintiffs despite lacking any reason to believe that they possessed any contraband or that they otherwise had committed any crime or offense.

20.   The defendant officers removed plaintiffs JIMENEZ and JULIEN from the apartment in handcuffs and imprisoned them in a police vehicle.

21.   The defendants thereafter transported plaintiffs JIMENEZ and JULIEN to the NYPD 120th police precinct stationhouse and imprisoned them therein.

22.   The defendant NYPD officers imprisoned plaintiffs JIMENEZ and JULIEN until the following day, when they were released following their arraignments in Richmond County Criminal Court on baseless charges filed under docket numbers 2011RI000676, and 2011RI01000675; said charges having been filed based on the false allegations of defendant FRIEDMAN. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority and/or for other collateral objectives, including overtime compensation.

23.   The defendants, including defendants FRIEDMAN, REYES, and RIVERA, manufactured and created false evidence against plaintiffs JIMENEZ and JULIEN.

24.   Over the course of the next sixteen months, the malicious prosecution compelled plaintiff JIMENEZ to return to Court for approximately eleven appearances.

25.   On August 6, 2012, all of the purported charges levied against plaintiff JIMENEZ

4

based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court.

26.     Over the course of the next thirty-three months, the defendants' fabricated and manufactured evidence, conveyed to the Richmond County District Attorney and thereby depriving plaintiff JULIEN of his right to fair trial, compelled plaintiff JULIEN to return to Court for approximately 17 appearances until October 29, 2013, when the false charges filed against plaintiff JULIEN were adjourned in contemplation of dismissal.

27.     Defendant ANTHONY REYES supervised defendants FRIEDMAN, RIVERA, FAZIO, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

28.     Defendants REYES, RIVERA, FAZIO and JOHN and JANE DOE 1 through 10 either participated in or failed to intervene in the illegal conduct described herein.

29.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, due to discrimination against plaintiffs due to their race and/or nationality, and based on a *de facto* custom or practice of falsification.

30.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on the lawful execution of search warrants, the lawful use of force against individuals during the execution of a search warrant, the treatment of innocent

5

and/or uninvolved individuals who are found at a location of an execution of a search warrant, and that many NYPD officers engage in a practice of falsification, subject individuals to excessive force, and arrest individuals without probable cause or for other collateral objectives, including overtime compensation and/or to advance their employment and/or to meet quotas.

31.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

32.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33.     As a result of the foregoing, plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

34.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

6

36.     All of the aforementioned acts deprived plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40.     As a result of the foregoing, plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Entry into the Home 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

7

paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.    Upon information and belief, defendants unlawfully entered plaintiffs MARK JULIEN and MALCOLM JOHNSON'S home.

43.    As a result, plaintiffs MARK JULIEN and MALCOLM JOHNSON right to be free from an unlawful entry into their home via the Fourth Amendment was violated.

44.    As a result of the foregoing, plaintiffs MARK JULIEN and MALCOLM JOHNSON, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

45.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.    Defendants detained plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, without probable cause, causing them to be unlawfully imprisoned and/or arrested.

47.    Defendants caused plaintiff STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, to be falsely arrested and/or unlawfully imprisoned.

48.    As a result of the foregoing, plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

49.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs MARK JULIEN and MALCOLM JOHNSON'S constitutional rights.

51.     As a result of the aforementioned conduct of defendants, plaintiffs MARK JULIEN and MALCOLM JOHNSON were subjected to excessive force and sustained physical and emotional injuries.

52.     As a result of the foregoing, plaintiffs MARK JULIEN and MALCOLM JOHNSON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

53.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants created false evidence against plaintiffs STEPHANIE JIMENEZ and MARK JULIEN.

55.     Defendants utilized this false evidence against plaintiffs STEPHANIE JIMENEZ and MARK JULIEN in legal proceedings.

56.     As a result of defendants' creation and use of false evidence, plaintiffs

9

STEPHANIE JIMENEZ and MARK JULIEN suffered a violation of their constitutional rights to a fair trial, as guaranteed by the Due Process Clause of the Sixth and Fourteenth Amendments of the United States Constitution.

57.     As a result of the foregoing, plaintiffs STEPHANIE JIMENEZ and MARK JULIEN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff STEPHANIE JIMENEZ.

60.     Defendants caused plaintiff STEPHANIE JIMENEZ to be prosecuted without any probable cause until the charges were dismissed on or about August 12, 2012.

61.     As a result of the foregoing, plaintiff STEPHANIE JIMENEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants issued criminal process against plaintiffs STEPHANIE JIMENEZ and MARK JULIEN by causing their arrest and prosecution in Richmond County Criminal Court.

64.     Defendants caused plaintiffs STEPHANIE JIMENEZ and MARK JULIEN to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

65.     As a result of the foregoing, plaintiffs STEPHANIE JIMENEZ and MARK JULIEN are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

66.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants had an affirmative duty to intervene on behalf of plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, whose constitutional rights were being violated in their presence by other officers.

68.     The defendants failed to intervene to prevent the unlawful conduct described herein.

69.     As a result of the foregoing, plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON'S liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

11

70.     As a result of the foregoing, plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
#### (Supervisory Liability under 42 U.S.C. § 1983)

71.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     The supervisory defendants personally caused plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

73.     As a result of the foregoing, plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
#### (Municipal Liability under 42 U.S.C. § 1983)

74.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

76.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, engaging in falsification, unlawfully entering private homes, subjecting individuals to excessive force, unreasonably searching individuals, arresting individuals without probable cause, as well as the inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and the constitutional rights of plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON

78.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, as alleged herein.

79.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force

13

behind the Constitutional violations suffered by plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, as alleged herein.

80.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON were unlawfully arrested, plaintiffs STEPHANIE JIMENEZ and MARK JULIEN were subjected to malicious prosecution/deprivation of right to fair trial, and plaintiff MALCOLM JOHNSON was subjected to the excessive use of force.

81.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON'S constitutional rights.

82.   All of the foregoing acts by defendants deprived plaintiff STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON, of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from illegal entry and search of their home;

      C.    To be free from false arrest;

      D.    To be free from excessive force;

      E.    To be free from malicious prosecution;

      F.    To be free from deprivation of right to fair trial; and

      G.    To be free from the failure to intervene.

83.   As a result of the foregoing, plaintiff STEPHANIE JIMENEZ, MARK JULIEN,

and MALCOLM JOHNSON, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

84.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.   Within ninety (90) days after the claim herein accrued, plaintiff MALCOLM JOHNSON duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

86.   The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

87.   This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

88.   Plaintiffs have complied with all conditions precedent to maintaining the instant action.

89.   This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

90.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.   Defendants arrested plaintiff MALCOLM JOHNSON without probable cause.

15

92.     Plaintiff MALCOLM JOHNSON was detained against his will for an extended period of time and subjected to physical restraints.

93.     As a result of the aforementioned conduct, plaintiff MALCOLM JOHNSON was unlawfully imprisoned in violation of the laws of the State of New York.

94.     As a result of the aforementioned conduct, plaintiff MALCOLM JOHNSON, suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

95.     As a result of the foregoing, plaintiff MALCOLM JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

96.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     As a result of the foregoing, plaintiff MALCOLM JOHNSON was placed in apprehension of imminent harmful and offensive bodily contact.

98.     As a result of defendant's conduct, plaintiff MALCOLM JOHNSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

99.     As a result of the foregoing, plaintiff MALCOLM JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

16

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

100.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Defendants made offensive contact with plaintiff MALCOLM JOHNSON without privilege or consent.

102.    As a result of defendants' conduct, plaintiff MALCOLM JOHNSON has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

103.    As a result of the foregoing, plaintiff MALCOLM JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

104.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

106.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

107. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

108. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MALCOLM JOHNSON

109. As a result of the aforementioned conduct, plaintiff MALCOLM JOHNSON suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

110. As a result of the foregoing, plaintiff MALCOLM JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

111. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "110" with the same force and effect as if fully set forth herein.

112. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the wrongful conduct described herein against plaintiff MALCOLM JOHNSON

113. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

114. As a result of the foregoing, plaintiff MALCOLM JOHNSON is entitled to

18

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

115.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted, supervised and participated in the wrongful conduct described herein against    plaintiff MALCOLM JOHNSON

117.    As a result of the foregoing, plaintiff MALCOLM JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

118.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "117" with the same force and effect as if fully set forth herein.

119.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on

19

duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

120.    As a result of the foregoing, plaintiff MALCOLM JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

121.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

123.    As a result of the foregoing, plaintiff MALCOLM JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

124.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.   As a result of defendants' conduct, plaintiff MALCOLM JOHNSON was deprived of his right to security against unreasonable searches, seizures, and interceptions.

126.   As a result of the foregoing, plaintiff MALCOLM JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs STEPHANIE JIMENEZ, MARK JULIEN, and MALCOLM JOHNSON demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
          August 4, 2014

                                     LEVENTHAL & KLEIN, LLP
                                     Attorneys for Plaintiffs
                                     45 Main Street, Suite 230
                                     Brooklyn, New York 11201
                                     (718) 722-4100

                                     By:   _____
                                           BRETT H. KLEIN

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

STEPHANIE JIMENEZ, MARK JULIEN, and
MALCOLM JOHNSON,

                               Plaintiffs,

            -against-

CITY OF NEW YORK, MICHAEL FRIEDMAN, Individually,
ANTHONY REYES, Individually, MICHAEL RIVERA,
Individually, PAUL FAZIO, Individually and JOHN and JANE
DOE 1 through 10,  Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                               Defendants.

-------------------------------------------------------------------------------X

14 CV 0384
(JG) (LB)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100